IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| HOMER L. GIARD and MARY GIARD, | CV- 12-113-BLG-RFC-CSO |
|---|---|
| Plaintiffs, | **FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| vs. | |
| BRETT OUELLETTE and BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, | |
| Defendants. | |

Plaintiffs Homer L. Giard and Mary Giard (collectively, "Giard") filed this action in state court, naming as defendants Brett Ouellette ("Ouellette") and Burlington Northern Santa Fe Railway Company ("BNSF"). Defendants removed the action to this Court, asserting federal diversity jurisdiction. *Defts' Notice of Removal (DKT 1).*

Pending before the Court are two motions: (1) Giard's Motion to Remand (*DKT 8*); and (2) Defendants' Motion for Judgment on the Pleadings as to Ouellette (*DKT 6*). For the following reasons, the Court

-1-

recommends[1] that Giard's motion to remand be denied and Defendants' motion for judgment on the pleadings be granted.

I.  **BACKGROUND**

For purposes of the pending motions, the Court takes as true the allegations in the complaint. In 2009, while working as an exempt employee for BNSF, Giard sustained an injury that put him out of work for a period of time. *Cmplt (DKT 4)* at ¶ 13. After evaluation, Giard was qualified to return to work the following year. *Id*. at ¶¶ 14-15. In the meantime, BNSF had filled Giard's position with another employee. *Id*. BNSF denied Giard's subsequent request to return to a non-exempt position, based on a work restriction that was placed on Giard back in 1997. This caused Giard to be held out of work from August 2010 through April 2012. *Id*. at ¶ 21.

---

[1]The Ninth Circuit has not ruled whether motions to remand are dispositive and thus require a magistrate judge to proceed under findings and recommendations. *Dutro v. Hilarides*, 2012 WL 1552772, n. 1 (E.D. Cal. 2012). Other Circuits, however, have concluded that such motions are dispositive. *Id*. (citing *Williams v. Beemiller, Inc.,* 527 F.3d 259, 264–266 (2d Cir. 2008); *Vogel v. U.S. Office Products Co.,* 258 F.3d 509, 514–17 (6th Cir. 2001); *First Union Mortgage Corp. v. Smith,* 229 F.3d 992, 994–97 (10th Cir. 2000); *In re U.S. Healthcare,* 159 F.3d 142, 145–46 (3d Cir. 1998)). The Court proceeds accordingly.

Ouellette worked as a field manager in BNSF's Medical & Environmental Health department, and "participated with Defendant BNSF in operating a railroad in Montana." *Id.* at ¶ 2. Ouellette was the manager designated by BNSF to assist Giard in returning to work following the 2009 injury, and allegedly "neglected his responsibilities to [Giard] and negligently mismanaged [Giard's] ability to return to work as he desired." *Id.* at ¶ 20.

The complaint alleges only one claim against Ouellette. It alleges: "Pursuant to § 39-2-703, MCA, Defendant Ouellette is liable for all damages sustained by Plaintiff, Homer L. Giard, due to Defendant Ouellette's negligent mismanagement of Plaintiff's medical condition and Plaintiff's request to return to work with Defendant BNSF as a union employee." *Id.* at ¶ 23. Mary Giard's consortium damage claim is similarly based on "Ouellette's mismanagement of Plaintiff Homer L. Giard's medical restrictions and request to return to work...." *Id. at* ¶ 25. Giard's brief in support of the motion to remand acknowledges that "Plaintiffs' legal claim against both Defendants in this case is brought under § 39-2-703, MCA." *DKT 9* at 14.

## II. MOTION TO REMAND

Because the Court must determine whether it has jurisdiction to proceed, the Court turns first to Giard's motion to remand. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause").

### A. Parties' Arguments

Giard argues that this Court lacks jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship among the named parties does not exist – both Giard and Ouellette are Montana citizens. *Pltfs' Br. in Support of Mot. to Remand (DKT 9)* at 5-6. In support of his motion to remand, Giard argues that (1) his motivation for joining Ouellette is immaterial, *id.* at 9; (2) Ouellette is not immune from liability for his own tortious conduct, *id.* at 10; and (3) Giard has stated a valid cause of action against Ouellette because he is subject to individual liability under M.C.A. § 39-2-703. *Id.* at 14. Giard concludes that remand is required because Ouellette is a non-diverse defendant.

Defendants acknowledge that Ouellette is a Montana citizen, as are both Plaintiffs. *Deft's Notice of Removal (DKT 1)* at ¶¶ 3, 5. But

Defendants argue that Ouellette was fraudulently joined and thus his presence should not defeat diversity jurisdiction. *Defts' Br. in Opposition to Pltfs' Mot. to Remand (DKT 14)* at 8. Defendants argue that § 39-2-703 only imposes liability on a "person or corporation operating a railroad," and Ouellette does not fit within the reach of the statute. *Id*. at 14. Defendants argue that because Giard has failed to state a claim against Ouellette, complete diversity exists and removal was proper. *Id*. at 21.

### B. <u>Legal Standard</u>

Diversity jurisdiction requires that each of the plaintiffs must be citizens of different states than each of the defendants. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005). There is a strong presumption against removal, and the defendant bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Doubt arising from inartful, ambiguous, or technically defective pleadings

must be resolved in favor of remand. *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998).

Removal is proper despite the presence of a non-diverse defendant only if that defendant is "fraudulently joined." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010); *see also Morris*, 236 F.3d at 1067. Fraudulent joinder is a "term of art." *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1318 (9th Cir. 1998). Use of the term is not intended to impugn the integrity of plaintiff or counsel, and does not refer to an intent to deceive. *DaCosta v. Novartis AG*, 180 F. Supp. 2d 1178, 1181 (D. Or. 2001). Fraudulent joinder is present when "a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "The Ninth Circuit has compared the test for fraudulent joinder to a Federal Rule of Civil Procedure 12(b)(6) analysis, stating: 'inasmuch as appellant's case against the individual defendants [is] sufficient to withstand a dismissal motion ..., the joinder of claims against them is not fraudulent.'" *Anderson v. BNSF Ry. Co.*,

2008 WL 5412454 (D. Mont. 2008) (quoting *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975)). If the joinder of a non-diverse defendant is deemed fraudulent, that defendant's "presence in the lawsuit is ignored for purposes of determining diversity." *Morris*, 236 F.3d at 1067.

In *Morris*, the Ninth Circuit applied a two-part analysis in determining whether fraudulent joinder had occurred. First, the court looked to the elements of the claim asserted – there, negligent misrepresentation – against the allegedly fraudulently joined defendant. *Morris*, 236 F.3d at 1067. Second, the court compared the elements of the claim to the allegations made in the complaint. *Morris*, 236 F.3d at 1067-68. Comparing the allegations of the complaint to the elements of negligent misrepresentation, the court found that the complaint failed "to state a claim for negligent misrepresentation...and the failure is obvious according to settled law." *Id*.

C. **Discussion**

Giard is correct that his motivation for naming Ouellette as a defendant is immaterial to the determination of Giard's motion to

remand. *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189, 52 S. Ct. 84, 87 (1931). The issue, then, as the parties agree, is whether Giard has stated a valid claim for relief against Ouellette under Montana law. For the following reasons, the Court concludes that he has not.

Following the framework in *Morris*, the Court first considers the elements of the claim against Ouellette under M.C.A.§ 39-2-703, which provides:

> A person or corporation operating a railway or railroad in this state is liable for all damages sustained by any employee of the person or corporation in consequence of the neglect of any other employee of the person or corporation or by the mismanagement of any other employee and in consequence of the willful wrongs, whether of commission or omission, of any other employee of the person or corporation when the neglect, mismanagement, or wrongs are in any manner connected with the use and operation of a railway or railroad on or about which the employee is employed. A contract that restricts the liability is not legal or binding.

The Montana Supreme Court long ago stated that the "manifest purpose of the whole act is to enable an employé of a railroad company to recover damages from the company for injuries inflicted upon him by reason of the negligence of a fellow servant..." *Dillon v. Great N. Ry*.

*Co.*, 100 P. 960, 963 (Mont. 1909). Much more recently, in a case wherein a railroad company was the sole defendant, the supreme court held that M.C.A. § 39-2-703 "does more than merely eliminate the fellow-servant defense to common-law causes of action...." *Haux v. Montana Rail Link, Inc.*, 97 P.3d 540, 543 (Mont. 2004). The court there held that the statute also created a cause of action against the railroad company for mismanagement. Interpreting its prior decision in *Winslow v. Montana Rail Link,* 16 P.3d 992 (Mont. 2000), the court ruled that "the railroad may be held liable for mismanagement." *Haux*, 97 P.3d at 544.

In arguing that the cause of action for mismanagement lies against a railroad employee as well as the railroad, Giard relies on *Moyse v. N. Pac. Ry. Co.*, 108 P. 1062 (Mont. 1910) and *Shane v. Butte Electric Ry. Co.*, 150 F. 801 (D. Mont. 1906). In those early twentieth-century actions, individual railroad employees were named as defendants along with their employer railroad companies. But neither *Moyse* nor *Shane* held that the individual defendants could be held liable for mismanagement under the statute. No such causes of action

were there asserted.

In *Moyse* the plaintiff alleged common-law negligence claims against the individual employee defendants. As the court stated:

> The complaint is framed upon the theory that the defendant company is liable to the plaintiff, as one of its employés, for injuries received while engaged in the discharge of his duties, through the negligence of other employés, *and that the other defendants are liable because they were personally guilty of the acts of negligence which caused the injury*.

*Moyse*, 108 P. at 1065 (emphasis added). The existence of the common-law negligence claims is a critical distinction between *Moyse* and this case. In *Moyse*, with multiple charges of negligence against all parties involved, the court addressed whether the verdict, which found all defendants liable, was supported by sufficient evidence. On this point, the court concluded that the jury's "finding that there was negligence in the handling of cars is sufficient to sustain the verdict." *Id*. at 1068. *Moyse* did not hold that either of the defendant employees could be held personally liable under the statutory cause of action for mismanagement. And *Haux* made clear that negligence claims do not arise under the statute. Relying on its prior cases, the court noted that "claims for negligence were not the creation of the statute but were

recognized at common law. ... Unlike common law claims for negligence, mismanagement is a cause of action newly created by § 39-2-703, MCA." *Haux*, 97 P.3d at 545.

*Shane* is also distinguishable. The plaintiff in *Shane* was a passenger on a railcar, not an employee of the railroad company. Consequently, the predecessor statute to § 39-2-703 was neither raised by the plaintiff nor addressed by the court. Instead, the plaintiff brought a negligence action against the railroad company and the motorman operating the railcar in which the plaintiff was injured. The plaintiff alleged that the railroad company and the motorman were "jointly running and operating the car upon which plaintiff was riding." *Shane*, 150 F. at 802. The defendants argued that the motorman was fraudulently joined, in part because the plaintiff "knew that the [railroad] and [motorman] did not jointly operate the car..." *Shane*, 150 F. at 808. The court refused to resolve the issue of whether the railroad and the motorman jointly operated the railcar on the motion to remand. *Id*. at 809 ("I hold that it is not for the federal court to try the question of negligence on a motion to remand"). The court did not hold, as Giard

suggests, that whether an individual railroad employee is operating a *railroad*, in connection with statutory liability under § 39-2-703, is a fact question that is not to be determined by the court on a motion to remand. *Shane* is inapposite.

Giard cites no Montana case that has held, since the statute was enacted over 100 years ago, that an employee of a railroad may be held individually liable for mismanagement under § 39-2-703.

In the absence of Montana case law on this issue, the Court must turn to rules of statutory construction. In construing a statute, a court must first examine the plain language of the statute. *See State v. Boulton*, 140 P.3d 482, 485 (Mont. 2006). In *Boulton,* the court explained:

> When interpreting and applying a statute, the role of the courts is to "ascertain the intent of the Legislature." If possible, the intent of the Legislature is to be determined from the plain language of the statute. If the intent can be determined from the plain language of a statute, a court "may not go further and apply any other means of interpretation."

*Id.* (citations omitted).

Under M.C.A. § 39-2-703, the first element that a plaintiff must allege and prove is that the defendant is a "person or corporation

operating a railroad." Therefore, to state a claim against Ouellette, Giard's Complaint must allege that Ouellette was a "person or corporation operating a railroad."[2]

Giard's Complaint alleges that Ouellette "participated with Defendant BNSF in operating a railroad in Montana..." *Cmplt (DKT 4)* at ¶ 2. The complaint then alleges that BNSF "operated a railroad in the state of Montana." *Id*. at ¶ 3. The complaint thus distinguishes between BNSF as an operator of a railroad, and Ouellette as a participant in operating a railroad. The complaint does not allege that Ouellette, like BNSF, "operated a railroad in the state of Montana."

Nor do other allegations in the Complaint suggest that Ouellette, like BNSF, "operated a railroad." To the contrary, the Complaint alleges that Ouellette was a BNSF Field Manager, in a BNSF medical and environment health office, and that he was designated to assist

---

[2]Giard is correct that Ouellette can be held liable for his own tortious actions (*see Castro v. ExxonMobil Oil Corp.*, 2012 WL 523635 (D. Mont. 2012) (citing *Ammondson v. Northwestern Corp.,* 220 P.3d 1, 21 (Mont. 2009)), but negligence is not at issue because, as earlier noted, Giard alleged only a cause of action under the statute and not a common-law negligence action.

Giard to return to work. *Id.* at ¶¶ 2, 20. Thus, the Court must conclude, consistent with the Complaint, that he was involved in aspects of certain offices within the railroad company, but nothing in the Complaint suggests that he was operating a railway or railroad as the statute requires.[3]

The Court concludes therefore that the complaint does not state a cause of action against Ouellette. The allegation that Ouellette "participated with Defendant BNSF in operating a railroad" is insufficient to trigger statutory liability under § 39-2-703, which only applies to a "person or corporation operating a railway or railroad." *See Kelly v. Northern Pac. Ry. Co.*, 88 P. 1009, 1012 (Mont. 1907) ("where a party relies for recovery upon a special statute creating a liability where none existed before [referring to § 39-2-703's predecessor], he must set forth in ordinary and concise language a statement of facts

---

[3]The Court need not reach the question as to how or whether an individual railroad employee may qualify as a person "operating a railway or a railroad" so as to trigger statutory liability for mismanagement. Giard has not alleged, directly or otherwise, that Ouellette, like BNSF, operated a railroad in Montana. Instead, Giard only alleges Ouellette "participated" in operation. As the above analysis indicates, this allegation simply does not bring Ouellette within the reach of § 39-2-703.

showing his right to recover under that statute"). To hold otherwise would, in effect, require the Court to insert the word "participated" into the language of the statute, which the Court may not do. *See* Mont. Code Ann. § 1-2-101 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted").

The Court concludes that the complaint fails to state a claim against Ouellette. The Court further concludes that this failure is obvious under Montana law. The claim against Ouellette meets the Ninth Circuit standard for fraudulent joinder, and Ouellette's presence in this lawsuit is properly ignored for determining diversity jurisdiction. In Ouellette's absence, complete diversity of citizenship exists, and the amount in controversy exceeds $75,000. Removal was therefore proper and Giard's motion to remand should be denied.

### III. <u>**MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

The Court now turns to Defendants' motion for judgment on the pleadings as to the claims against Ouellette. The standard for

assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss.  *United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010) (citing *Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.,* 132 F.3d 526, 529 (9th Cir. 1997).

In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the non-moving party.  *Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir. 1994).  A motion for judgment on the pleadings is properly granted when the moving party is entitled to judgment as a matter of law.  *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999).

The Court above determined that, taking all allegations in the complaint as true, Giard has failed to state a cognizable cause of action under § 39-2-703 against Ouellette.  This finding satisfies the standard for judgment on the pleadings under Fed. R. Civ. P. 12(c).  Because a spouse's loss of consortium claim is derivative as to liability, Mary

Giard's loss of consortium claim against Ouellette also is subject to dismissal. *See Mickelson v. Montana Rail Link, Inc.*, 999 P.2d 985, 1003 (Mont. 2000). Defendants' motion for judgment on the pleadings should be granted.

IV. **CONCLUSION**

Based on the foregoing,

**IT IS RECOMMENDED** that Giard's motion to remand (*DKT 8*) be **DENIED**, and Defendants' motion for judgment on the pleadings as to claims against Ouellette (*DKT 6*) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 1st day of November, 2012.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge