IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION



FILED
MAR - 4 2013
Clerk, U S District Court
District Of Montana
Billings

| HOMER GIARD and MARY GIARD,<br><br>Plaintiffs,<br><br>vs.<br><br>BRETT OUELLETTE and BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY,<br>Defendants. | CV-12-113-BLG-RFC-CSO<br><br><br>ORDER RE: FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
|---|---|

Plaintiffs bring a single cause of action under Montana Code Annotated § 39-2-703 against BNSF and Brett Ouellette, a BNSF field manager in the Medical and Environmental Health department. They allege Oullette mismanaged Homer Giard's medical condition and his request to return to work after an injury. Mary Giard's loss of consortium claim is based on the same allegations and is also brought under § 39-2-703.

This action was originally brought in Montana's Thirteenth Judicial District Court, Yellowstone County, but Defendants removed to this Court on the grounds

1

that Oullette was fraudulently joined to defeat diversity jurisdiction. Doc. 1. Defendants have now moved for judgment on the pleadings dismissing Oullette (doc. 6) and Plaintiffs have moved for remand (doc. 8). Both motions address the issue of whether Plaintiffs state a valid claim against Oullette. As this case was assigned to United States Magistrate Carolyn S. Ostby for pretrial proceedings under Rule 72(b) Fed.R.Civ.P., she entered Findings and Recommendations (doc. 23) on both motions.

Judge Ostby recommends that the motion to remand be denied and that Ouellette be dismissed from this action because the statute through which Plaintiffs complain, Mont. Code Ann. § 39-2-703, has never been held to impose personal liability on an employee of a railroad and because Plaintiffs failed to sufficiently plead that Ouellette was "operating a railroad" as the statute requires. Plaintiffs filed specific written objections to the Findings and Recommendations within 14 days as provided 28 U.S.C. § 636(b)(1), Rule 72(b)(2), and L.R. 72.3. Doc. 24. Defendants then filed a timely response. Doc. 25. Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). After reviewing the parties arguments in light of the applicable case law and the plain language of the statute, the Court concludes that Judge Ostby's recommended

disposition of the motions must be affirmed because § 39-2-703 does not impose personal liability on railroad employees

> Section 39-2-703 provides in relevant part:
>
> A person or corporation operating a railway or railroad in this state is liable for all damages sustained by any employee of the person or corporation in consequence of the neglect of any other employee of the person or corporation or by the mismanagement of any other employee and in consequence of the willful wrongs, whether of commission or omission, of any other employee of the person or corporation when the neglect, mismanagement, or wrongs are in any manner connected with the use and operation of a railway or railroad on or about which the employee is employed.

Judge Ostby concluded that no case had ever held a railroad employee personally liable under this statute and that the only close case was *Moyse v. Northern Pac. Ry. Co.*, 108 P 1062, 1068 (Mont.1910)(applying Rev.Code, § 5251). Just six days after Judge Ostby concluded that *Moyse* did not interpret § 39-2-703 to impose personal liability on railroad employees, this Court unknowingly held the opposite in *Carman v. BNSF*, CV-12-77-BLG-RFC, 2012 WL 5430983 (Nov. 7, 2012). Upon further review, this Court concludes that *Moyse*, as with many old opinions, is ambiguous at best and that reading it to hold that § 39-2-703 imposes personal liability on employees of railroads would lead to absurd results. This must be why *Moyse* is the only case in the history of § 39-2-703 that can be

interpreted to impose personal liability on railroad employees for mismanagement.

*Carman* held as follows:

> In *Moyse*, the plaintiff alleged the yard foreman was personally negligent under the precursor statute for failing to secure rail cars that broke loose and crashed into the caboose the plaintiff was sleeping in. *Id.* at 1064-65. The Court expressly noted that "[f]or this lapse of duty the defendant company is liable, as is also the defendant [yard foreman]; for, for the time being, he stood in the place of the company, and it was his personal duty to see that the proper precautions were observed." *Id.* at 1068. *Moyse* is therefore consistent with the plain language of the statute. Accordingly, the Court concludes that supervisory employees of railroads can be personally liable under § 39-2-703, even though § 39-2-701(1) requires that the railroad indemnify the employee for losses incurred during the lawful discharge of work-related duties.

2012 WL 5430983, *3. In concluding that *Moyse* does not authorize personal liability for railroad employees under § 39-2-703, Judge Ostby determined that plaintiff in *Moyse* alleged a common law negligence claim against the individual defendants and in addition to a § 39-2-703 claim against the railroad. Doc. 23, p.10. Although the opinion does not expressly say so, Judge Ostby concluded a common law negligence claim had been alleged from the following language:

> The complaint is framed upon the theory that the defendant company is liable to the plaintiff, as one of its employés, for injuries received while engaged in the discharge of his duties, *through the negligence of other employés, and that the other defendants are liable because they were personally guilty of the acts of negligence which caused the injury*.

4

*Moyse,* 108 P. at 1065. But Plaintiffs argue that Judge Ostby ignored the next line of this quote: "It declares upon the statute which abolishes the fellow servant rule. [Mont Code. Ann. § 39-2-703.][1] According to Plaintiff, this means the *Moyse* plaintiff brought only one cause of action under § 39-2-703. In this Court's view, both interpretations are possible. As such, especially considering that it is an ancient case that was not been cited in any published decision from 1959 to 2012, *Moyse* has no precedential value in this case.

Setting aside *Moyse,* there is no authority for the proposition that § 39-2-703 imposes personal liability on employees of railroads. As such, the Court is left with the language of the statute. In interpreting a statute, the Court must ascertain and effectuate legislative intent by first looking to the words of the statute, giving them their ordinary, common sense meaning. *Abrahim & Sons Enterprises v. Equilon Enterprises, LLC,* 292 F.3d 958, 961 (9th Cir. 2002). Section 39-2-703 provides for the liability of persons or corporations operating a railway. The common sense meaning of operate does not include a mere employee of the railroad. Rather, it means the person or corporation who owns the railroad. A contrary construction would be absurd and if that were the purpose of the statute there would be published decisions applying it in that manner. Further, the

---

[1] In 1909, § 39-2-703 was codified at Rev. Codes, Section 5251.

Court's construction is consistent with the title of the statute: "Liability of railway corporation for negligence of fellow servants." *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 212 (1998)(although title of the statute cannot limit the plain meaning of the text, it can be used when it sheds light on ambiguous word or phrase).

Having concluded that § 39-2-703 does not provide for personal liability of railroad employees, Plaintiffs fail to state a legally cognizable cause of action against Ouellette. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (claim is subject to dismissal if it lacks legally cognizable theory). Plaintiffs' motion to remand must therefore be denied and Defendant's motion to dismiss must be granted. Had Plaintiffs alleged a common law negligence cause of action against Ouellette, this result could be different, as recognized by Judge Ostby. *See* doc. 23, p.13, n.2. But the propriety of removal is determined by the complaint at the time the notice of removal was filed, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939), and at the time of removal, Plaintiffs did not state a valid claim against Ouellette.

Accordingly, **IT IS HEREBY ORDERED** Plaintiffs' motion to remand (doc. 8) is **DENIED** and Defendant's Motion for Judgment on the Pleadings (doc. 7) is **GRANTED**.

The Clerk of Court shall notify the parties and Judge Ostby of the entry of this Order.

DATED this 4 day of March, 2013.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE